UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAT A. UNG,<br><br>  Petitioner,<br><br>vs.<br><br>KRISTI NOEM, Secretary of Homeland Security, *et al.*,<br><br>  Respondents. | CASE NO. 5:25-cv-03349-SVW-ADS<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER |

Petitioner has failed to meet his burden of showing a likelihood of success on the merits.

***First***, Petitioner has not established a likelihood of success on the merits for his claim based on *Zadvydas*. As of this order, Petitioner has been detained for approximately four months,[1] which is less than the presumptively reasonable six-month period. *See Zadvydas v. Davis*, 533 U.S. 678, 680 (2001).

Moreover, the duration of detention and uncertainty about the date of removal do not necessarily render detention indefinite. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (distinguishing between detention of uncertain duration where removal is possible and detention where removal is not feasible due to institutional or legal barriers); *Diouf v. Mukasey*,

1  542 F.3d 1222, 1233 (9th Cir. 2008) (providing, as examples of "no significant likelihood of
2  removal," cases where country of removal refuses to accept alien or removal is barred by U.S.
3  law).  Thus, regardless whether the court includes the time between Petitioner's initial detention
4  in May 1992 and the issuance of his removal order in August 1992, the evidence presented by
5  Petitioner regarding the uncertainty of Vietnam's issuance of travel documents is, at this stage,
6  insufficient to satisfy Petitioner's burden of establishing that there is no significant likelihood of
7  removal in the reasonably foreseeable future.

8  The court recognizes that circumstances may change.  Accordingly, this particular
9  component of the application for a TRO is denied without prejudice to renewing it in 90 days.

10  **Second**, Petitioner has not established a likelihood of success on the merits for his claim
11  based on alleged deficiencies in the Notice of Revocation of Release.  At the outset, it is unclear
12  whether § 241.13 applies here.  Multiple immigration regulations address the detention of aliens
13  under final orders of removal, and not all of them require changed circumstances to revoke an
14  alien's release.  *See* 8 C.F.R. § 241.4(l)(2)(iii) (permitting revocation of release "in the exercise
15  of discretion when . . . [i]t is appropriate to enforce a removal order or to commence removal
16  proceedings against an alien").

17  Regardless, as one court has explained, the government is vested with broad
18  discretionary authority under the INA to revoke release and detain an alien subject to removal,
19  and the regulatory procedures and requirements "do not create independent substantive rights
20  that override the statutory grant of detention authority." *Morales Sanchez v. Bondi*, 2025 WL
21  3190816, at *3 (C.D. Cal., Oct. 3, 2025).  As in *Morales Sanchez*, the Notice of Revocation of
22  Release here "identifies the government's determination to pursue removal based on the
23  existing order of removal." *Id.*; see also Opp. to TRO, Ex. A.  "[T]his falls squarely within
24  ICE's statutory discretion to revoke supervision and enforce removal orders," and "any other
25  regulatory imperfections, such as delayed notice or minimal explanation, do not strip ICE of
26  its statutory authority." *Morales Sanchez*, 2025 WL 3190816, at *3.

27  **Third**, Petitioner has not established a likelihood of success on the merits for his claim
28

based on removal to a third country. "Petitioner has not identified the specific third country for possible removal, nor demonstrated that Respondents intend to remove him imminently without notice." *Id.* at *4. "Petitioner's fear of being removed to a third country without proper notice or opportunity to respond is only speculative and not ripe for adjudication." *Id.*

IT IS SO ORDERED

DATE: January 23, 2026

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner was initially detained in May 1992 and placed into removal proceedings. Preciado Decl., ¶ 11. He was ordered removed in August 1992, and released on supervision in September 1992. *Id.* ¶¶ 12–13. Petitioner was detained for one day in June 2023, released the same day, and now has been detained again since October 16, 2025. *Id.* ¶¶ 19–25. If the relevant time period includes the period of detention between May and August 1992, then Petitioner has been detained for approximately 7 months.

However, the relevant time period begins to run after the order of removal in August 1992. *See* 8 U.S.C. 1231(a)(1)(B). That is necessarily the case, as the purpose of 8 U.S.C. § 1231 and the extended detention period under *Zadvydas* is to allow the government a reasonable period of time to effectuate removal, which necessarily cannot happen until an Immigration Judge issues an order of removal.